OPINION *Page 2 
{¶ 1} Appellant-legal custodian Ruth Richardson, filed this appeal from the judgment entered in the Tuscarawas County Court of Common Pleas, Juvenile Court Division, which terminated all parental rights, privileges and responsibilities of the parents and legal custodians with regard to the minor child, Amber Mercer and ordered that permanent custody of the minor child be granted to Tuscarawas County Job and Family Services, (hereinafter, "TJFS").
 {¶ 2} This appeal is expedited, and is being considered pursuant to App.R.11.2(C). The relevant facts leading to this appeal are as follows:
 STATEMENT OF THE FACTS AND CASE {¶ 3} This appeal pertains to the permanent custody disposition of Amber Mercer, whose date of birth is October 20, 1998. Richard Mercer is the child's natural father. Chastity Wingerter is the child's natural mother. Ruth Robinson is the child's paternal aunt and legal custodian.
 {¶ 4} In 1999, pursuant to a prior neglect and dependency action, Richard Mercer and Chastity Wingerter lost custody of Amber as a result of their inability to complete court ordered services and provide appropriate housing.[1] As a result, Amber was placed in the legal custody of Ruth Robinson and Richard Anderson Sr.
 {¶ 5} On May 5, 2006, Ruth Robinson overdosed on prescription medications, Xanex and Vicodin. Ruth was immediately hospitalized and diagnosed with depression. She was also prosecuted and incarcerated for illegal processing of drug documents. At the time of the incident, Richard Anderson was living with and having a sexual *Page 3 
relationship with Chastity Wingerter, and Ruth was caring for Amber and Ruth's two biological children, Samuel and Richard. As a result of the overdose, Richard Jr. (age 18)[2] and Samuel (age 16) and Amber (age 8) were removed from Ruth's home.
 {¶ 6} On May 8, 2006, TJFS filed a neglect and dependency complaint for Amber.[3] That same date, after a hearing, the trial court ordered Amber to be placed in the temporary custody of TJFS. Sharon Buckley was appointed guardian litem for the child.
 {¶ 7} On June 5, 2006, a case plan for reunification was filed. The case plan required Ruth Robinson to complete a psychiatric examination and follow all recommendations, complete a psychological examination and follow all recommendations, continue counseling with Mark Plotts at Community Mental Health Care (MHC), complete a physical examination and furnish the results to the agency, complete a drug and alcohol assessment and follow all recommendations, obtain stable housing for six months, obtain and maintain employment for six months and successfully complete the agency's parent education class.
 {¶ 8} Richard Anderson was required to complete a psychiatric examination and follow all recommendations, complete a psychological examination and follow all recommendations, obtain stable housing for six months, obtain and maintain employment for six months and successfully complete the agency's parent education class. *Page 4 
 {¶ 9} On June 6, 2006, the trial court held an adjudicatory hearing. At the hearing, the dependency and neglect complaint was amended to one count of dependency. Thereafter Richard Mercer, Chastity Wingerter, Richard Anderson and Ruth Robinson stipulated to a finding that Amber was a dependent child.
 {¶ 10} On July 5, 2006, the trial court held a dispositional hearing. Upon agreement of the parties and the recommendation of the guardian ad litem the trial court ordered Amber to remain in the temporary custody of TJFS. The court further noted that Richard Mercer and Chastity Wingerter specifically indicated no desire to reunify with Amber. The trial court also approved and adopted the case plan filed on June 5, 2006. Supervised visitation was ordered for Richard Mercer, Chastity Wingerter, Richard Anderson Sr., and Ruth Robinson.
 {¶ 11} On October 5, 2006, during a review hearing the trial court found that Richard Anderson was not involved in case plan services. The trial court further heard testimony that Ruth Robinson had made some progress on her case plan, but still needed stable housing, employment and a drug and alcohol assessment. Amber was therefore ordered to remain in the temporary custody of TJFS.
 {¶ 12} On March 21, 2007, TJFS filed a motion to modify the prior dispositional order for Amber from temporary custody to permanent custody. In support, the agency argued that the "parents of Amber Mercer have refused case plan services to reunify her to her home" and Richard Anderson and Ruth Robinson, "failed to complete case plan requirements to alleviate the conditions leading to her removal for a period in excess of six months." *Page 5 
 {¶ 13} On April 10, 2007, Ruth filed a motion to extend her case plan for an additional six months.
 {¶ 14} On August 9, 2007, Sharon Buckley filed a guardian ad litem report. In the report the guardian stated that Amber's legal custodians, Ruth Robinson and Richard Anderson, "have not been able to provide for themselves and are in no position to provide the basic necessities for Amber." She also stated that, "Richard Anderson's sexual relationship with Chastity Wingerter and Ruth Robinson's abuse of prescription drugs and criminal conviction demonstrate that they are not appropriate custodians for Amber. She further stated that Amber was doing well in her current foster placement. Finally, the guardian recommended that Amber be placed in the permanent custody of TJFS.
 {¶ 15} Also, on August 9, 2007, the trial court held a hearing on the motion to modify disposition. Prior to the presentation of evidence, Richard Mercer and Chastity Wingerter stipulated to a finding that it was in Amber's best interest to be placed in the permanent custody of TJFS. Richard Anderson failed to appear and the trial court was advised that he had failed to participate in any agency services since January of 2007.
 {¶ 16} During the permanent custody hearing the agency presented the testimony of Geoff Geers, an ongoing case manager for TJFS. Geers testified that he was assigned to Amber's case in May of 2006. He stated that he became involved after Ruth overdosed on prescription medications. He stated that the agency created a reunification plan for Richard and Ruth, and that Richard had failed to participate in agency services since January of 2007. *Page 6 
 {¶ 17} With regard to Ruth's participation in the case plan, Geers testified that Ruth had completed her psychological evaluation with Dr. Dean who recommended a psychiatric evaluation and individual counseling. He stated that Ruth completed a drug and alcohol assessment and that further counseling was recommended. He stated that Ruth completed the psychiatric evaluation with Dr. Hawk and was diagnosed with depression. He stated that Ruth began individual counseling with Mark Potts in May of 2006 but was terminated in January 2007 for non-attendance. He testified that Ruth had failed to successfully complete parent education classes and failed to provide the agency with the results of her physical examination. He stated that although Ruth had been employed several times, she had failed to maintain employment for a period of six months. He further testified that Ruth had failed to obtain and maintain stable housing during the course of the reunification plan. Specifically, Ruth had lived in at least four different locations, none of which were suitable for children. Transcript of proceeding at pages 16 and 17.
 {¶ 18} Geers testified that Amber was doing well in her foster placement. He stated that Amber was involved in numerous activities and that the foster family was considering adoption. Finally, he testified that it was important for Amber to have a stable home environment.
 {¶ 19} On August 13, 2007, the trial court, by judgment entry, ordered Amber to be placed in the permanent custody of TJFS. It is from this decision that appellant now seeks to appeal setting forth the following assignment of error: *Page 7 
 {¶ 20} "THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO JOBS AND FAMILY SERVICES AS JOBS AND FAMILY SERVICES FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT SUCH WAS IN THE BEST INTEREST OF THE CHILDREN."
 {¶ 21} In the sole assignment of error appellant concedes that Amber can not be placed with the legal custodians within a reasonable period of time but argues that there was little or no direct evidence that permanent custody was in the child's best interest. We disagree.
 {¶ 22} R.C. 2151.414(B)(2) states that after a child has been adjudicated abused, neglected or dependent and a public children's service agency files a motion for permanent custody as a change of disposition pursuant to R.C. 2151.413, the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest.
 {¶ 23} Pursuant to R.C. 2151.414(D), in determining the best interest of a child, the court shall consider all relevant factors, including but not limited to the following:
 {¶ 24} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; *Page 8 
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; * * *"
 {¶ 28} The court is not limited to or required to find that all the factors are present in order to grant permanent custody. In this case the record reflects that the family has been involved with the agency for several years. The record further reflects that Ruth Robinson genuinely made efforts to complete portions of the case plan but can not provide the child with basic daily necessities including a stable home environment. The record reflects that Ruth has had an ongoing difficulty supporting and sustaining her own daily and emotional needs. Therefore, it stands to reason that Ruth is unable to provide Amber with the permanency she needs. Furthermore, although there was testimony to establish that Ruth exercised visitation, there was little testimony that the child and Ruth were bonded to a degree that the termination of the relationship would be detrimental to the child.
 {¶ 29} Finally, the ongoing caseworker and Guardian Ad Litem support the grant of permanent custody to the agency and that permanent custody is in the children's best interest in that a legally secure placement could only be achieved through permanent custody. *Page 9 
 {¶ 30} For these reasons, we find that the trial court did not err in finding that a grant of permanent custody is in the child's best interest. Accordingly, appellant's assignment of error is hereby overruled.
 {¶ 31} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is hereby affirmed.
 Edwards, J. Gwin, P.J. and Wise, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Tuscarawas County Juvenile Court Case Number, 99 JN 00667.
[2] Richard is engaged in MRDD programs and is eligible for services until age 21 years.
[3] Richard and Samuel have been placed in a Planned Permanent Living Arrangement, after adjudication and disposition, by order of the Tuscarawas County Juvenile Court. *Page 1